**Nestor VILLAFANA–BENITEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–74264.

United States Court of Appeals,
Ninth Circuit.

Feb. 13, 2006.*

Feb. 21, 2006.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William Campbell Erb, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Nestor Villafana–Benitez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Vallafana–Benitez contends that the Board erred in concluding that he failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Vallafana–Benitez's application for cancellation of removal stated that his departure from the United States in January 1994 was an "INS return." He did not testify about the circumstances of this return, and no other evidence was

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

presented as to whether the return was under threat of deportation.

We recently held that the fact that an alien is turned around at the border, even when the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether Villafana–Benitez's return to Mexico by immigration officials was the result of a "turn-around," as discussed in *Tapia,* or an administrative voluntary departure, as discussed in *Vasquez–Lopez.* Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of Villafana–Benitez's contact with immigration officials in January 1994.

**PETITION FOR REVIEW GRANTED; REMANDED**